```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  -v-<br><br>ALLIED WORLD NATIONAL ASSURANCE COMPANY,<br><br>        Defendant. | 22-cv-6134 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

This is a case for breach of contract. Plaintiff the Phoenix Insurance Company (here known as "Travelers") seeks a declaration stating, among other things, that:

(1) Defendant Allied World National Assurance Co., Inc. ("Allied World") has a duty to defend third-parties Nucor Construction Corp. ("Nucor") and 25 Broadway Office Properties LLC ("25 Browadway") in connection with a personal injury action pending in the Supreme Court of the State of New York, County of New York, styled <u>Jennifer Boerke v. The City of New York et al</u>, Index No. 451326/2022 (the "Underlying Action"); and

(2) Allied World's coverage obligations to Nucor and 25 Broadway in connection with the Underlying Action is primary to Travelers' obligation.

1

On January 26, 2023, Travelers moved for summary judgment. After full consideration of the parties' written submissions and oral argument, the Court hereby grants summary judgment to Travelers and awards declaratory relief to it, as more fully specified below.

I.  Factual Background

Jennifer Boerke alleges that she was injured when a ceiling tile fell and hit her while she was in a bathroom. See Def's. Response to Pl. Rule 56.1 Statement ("Rule 56.1 Response") ¶¶ 23-28, Dkt. 22-1; Boerke Complaint, Dkt. 21-8. Aggrieved, she filed a complaint in the Supreme Court of New York against 25 Broadway, the owner of the building in which she alleges she was injured; the Relay Graduate School of Education ("Relay"), which leased the bathroom (and environs); and New York City.

Prior to Ms. Boerke's alleged injury, Relay had contracted with Nucor to perform various work on the space that it leased from 25 Broadway. Rule 56.1 Response ¶ 13. Nucor, in turn, subcontracted with Dimensional Construction Inc. ("Dimensional") to "furnish labor and material to complete all Drywall/Ceiling work" on Nucor's project. Rule 56.1 Response ¶¶ 20-21; Purchase Order, Dkt. 21-18.

Nucor and Dimensional had separately purchased liability insurance. Nucor had purchased a general liability policy from

Travelers. Rule 56.1 Response ¶¶ 1-2. Dimensional, meanwhile, had purchased a general liability policy from Allied World. Rule 56.1 Response ¶¶ 1-2.

These overlapping insurance policies led to the instant case. Travelers, as the insurer to Nucor, has defended Nucor and 25 Broadway in Ms. Boerke's suit against them. Allied World, however, has not. Travelers believes that Allied World has an obligation to defend Nucor and 25 Broadway in the Underlying Action and that Allied World's obligation takes precedence over that of Travelers. Travelers filed the Complaint in this case to secure a declaration to that effect.

II. Discussion

"Summary judgment is proper when, after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993); see also Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "An issue of fact

is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. "Genuine issues of fact are not created by conclusory allegations." Heublein, 996 F.2d at 1461.

  A. The Duty of Allied World to Defend Nucor and 25 Broadway

The first issue presented by Travelers' motion for summary judgment is whether Allied World has a duty to defend Nucor and 25 Broadway in the Underlying Action. This issue is a straightforward matter of contractual interpretation, and it is answered in the affirmative.

New York law places insurers under a duty to defend the insured. Under the law of this state, "[I]t is well settled that an insurer's duty to defend [an insured] is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage." BP Air Conditioning Corp. v. One Beacon Ins. Grp., 8 N.Y.3d 708, 714, 840 N.Y.S.2d 302 (2007) (internal quotation marks omitted). "If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend." Regal Constr. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 15 N.Y.3d 34, 37, 904 N.Y.S.2d 338 (2010) (internal quotation marks omitted).

4

Here, there is no genuine dispute that the contract between Allied World and Dimensional provided coverage to Nucor as well.[1] That contract provides coverage, as an additional insured, to any person who is "required [to be added] by written contract executed prior to the date of an occurrence" with respect to liability for "bodily injury" caused "in whole or in part" by Dimensional's actions. Rule 56.1 Response ¶ 7. Moreover, the contract between Dimensional and Nucor obligates Dimensional to defend Nucor "and additional indemnitees, if any" from "any and all claims, suits, damages, liabilities . . . personal injuries or property damages . . . arising out of or in connection with or as a result of or consequence of the work of [Dimensional] under the attached Purchase Order," General Services Contract, Art. IV at TRV00112-13, Dkt. 21-7. Put together, these contracts had the effect of making Nucor an additional party insured by Allied World with respect to any claims arising "in whole or in part" out of Dimensional's contract with Nucor. Rule 56.1 Response ¶ 7.

Allied World's duty to Nucor, in turn, entails a duty to 25 Broadway. The Nucor-Dimensional contract also requires Dimensional to include as additional insureds on its own policy not just Nucor, but also Nucor's "indemnitees." General Services Contract at TRV00112-13, Dkt. 21-17. Nucor's "indemnitees" include "all

---

[1] At oral argument, counsel for Allied World conceded the authenticity of each pertinent contract. See Transcript, 3/31/2023.

5

parties [Nucor] is obligated by contract or otherwise to indemnify, defend and hold harmless." Id. Nucor's agreement with Relay gives rise to Nucor's obligation to indemnify Relay and all entities that Relay is in turn required to indemnify, Nucor-Relay Agreement at TRV00266, Dkt. 21-16, and Relay's lease agreement with 25 Broadway requires Relay to indemnify 25 Broadway for any work done on the lease area. See Relay Lease at TRV00051, Dkt. 21-14; see also Rule 56.1 Response ¶¶ 12-13. Thus, there is no genuine dispute that 25 Broadway is an indemnitee of Nucor and Allied World therefore has a duty to defend them as well.

Additionally, there is no genuine dispute that Ms. Boerke's allegations in the Underlying Action bring her claim "potentially within the protection purchased" by Dimensional. See Regal, 15 N.Y.3d at 37. Ms. Boerke alleges that she was injured when a tile fell on her from the ceiling while she was in the third floor of the building at 25 Broadway. And a purchase order between Dimensional and Nucor required Dimensional to "furnish[ing] labor and material to complete all DRYWALL/CEILING work[.]" Rule 56.1 Response ¶¶ 20-21; Purchase Order, Dkt. 21-18. These facts certainly suggest the "reasonable possibility of coverage" that suffices to trigger Allied World's duty to defend Nucor. BP Air Conditioning Corp., 872 N.E.2d at 1128.

Since the contract between Allied World and Dimensional extended to Nucor, and since the Underlying Action is potentially

6

within the scope of the protection purchased by Dimensional, the Court finds that there is no genuine dispute that Allied World has a duty to defend Nucor and 25 Broadway in the Underlying Action.

   B. <u>Whether the Duty of Allied World is Primary to that of Travelers</u>

   Having found that Allied World has a duty to defend Nucor and 25 Broadway in the Underlying Action, the Court now must consider whether that duty takes priority over that of Travelers. This too is a matter of contractual interpretation. To resolve it, the Court must compare the contracts' "respective 'other insurance' clauses." <u>Sport Rock Int'l, Inc. v. Am. Cas. Co. of Reading, PA</u>, 65 A.D.3d 12, 18, (N.Y. Ct. App. 1st Dept. 2009).

   The policy issued by Allied World explicitly states that it provides "primary" coverage where, as here, Dimensional and an additional insured agree by contract that Dimensional will provide primary insurance. Rule 56.1 Response ¶¶ 8-9; Allied Policy II at ALIED0038 ("This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that: . . . . You have agreed in writing in a contract or agreement that this insurance would be primary. . . ."). By contrast, the policy that Travelers issued to Nucor provides that its coverage is merely excess over "any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is

an additional insured or is any other insured that does not qualify as a named insured, under such insurance." Rule 56.1 Response ¶ 3. Thus, there is no genuine dispute that the duty of Allied World is primary to that of Travelers.

III. Conclusion

For the foregoing reasons, the Court hereby enters summary judgment to Travelers. Accordingly, it enters a declaratory judgment that (a) Allied World has a duty to defend Nucor and 25 Broadway in the Underlying Action and that (b) Allied World's duty to defend is primary to that of Travelers.

The Clerk is respectfully directed to close entry number 21 on the docket of this case.

SO ORDERED.

New York, NY
May 24, 2023

JED S. RAKOFF, U.S.D.J.