UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────┐
│ THE PHOENIX INSURANCE       │
│ COMPANY,                    │
│                             │
│         Plaintiff,          │
│                             │
│     -v-                     │
│                             │
│ ALLIED WORLD NATIONAL       │
│ ASSURANCE COMPANY,          │
│                             │
│         Defendant.          │
└─────────────────────────────┘
```

22-cv-6134 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

This is an insurance coverage dispute between plaintiff The Phoenix Insurance Company (herein referred to as "Travelers") and defendant Allied World National Assurance Co., Inc. ("Allied World"). The dispute arises from an underlying action pending in New York State court (the "Underlying Action"), in which Jennifer Boerke alleges that she was injured when a ceiling tile fell and hit her while she was at a building owned by 25 Broadway Office Properties LLC ("25 Broadway"). Boerke sued not only 25 Broadway, but also Relay Graduate School of Education ("Relay") -- which leased the space in question -- and Nucor Construction Corp. ("Nucor") -- the general contractor who had been hired to perform renovations on the space. Nucor, in turn, had subcontracted with Dimensional Construction Inc. ("Dimensional") to perform certain drywall/ceiling work on the space. Travelers is the insurer of Nucor, and has been paying the defense costs of Nucor and 25 Broadway in the Underlying Action.

1

Through this action, Travelers seeks a declaration that Allied World, as the insurer for Dimensional, owes a duty to defend Nucor and 25 Broadway in the Underlying Action.[1] The Court previously granted Travelers' motion for partial summary judgment, and issued a declaratory judgment that "(a) Allied World has a duty to defend Nucor and 25 Broadway in the Underlying Action and that (b) Allied World's duty to defend is primary to that of Travelers." May 24, 2023 Memorandum Order (Dkt. 25), at 8. Allied World now seeks reconsideration of this ruling or, in the alternative, asks this Court to enter a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). *See* Dkt. 27.

I. **Motion for Reconsideration**

A motion for reconsideration should generally be granted "only when the defendant identifies [1] an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks and internal citation omitted). The movant generally must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected

---

[1] Travelers also seeks a declaration concerning Allied World's obligation to pay for any judgment that may result from the Underlying Action. However, because the Underlying Action remains ongoing, and the specifics of its outcome could be relevant to any such declaration, this matter is not yet fully right for decision.

to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Allied World raises three arguments in its motion for reconsideration: (1) that the Court wrongly found Allied World owed any duty to defend because there was insufficient evidence to conclude Dimensional performed work in the area where Boerke's injury occurred; (2) that even if Allied World had a duty to defend 25 Broadway, its obligation was not primary to that of Travelers, and the two insurers should be obligated to share defense costs equally; and (3) that because 25 Broadway's insurance policy is not in the record, the Court could not have concluded Allied World owes a present duty to defend. As explained below, Allied Worlds first and third points simply attempt to rehash arguments the Court previously rejected and do not warrant reconsideration. However, the Court agrees with the second point raised by Allied World and will clarify its prior declaratory judgment accordingly.

### A. Reasonable Possibility of Coverage

Allied World first argues that there was insufficient evidence to conclude Dimensional performed work in the area where Boerke's injury occurred at 25 Broadway such that there is a reasonable possibility of coverage. Reconsideration Mot. (Dkt. 27-1), at 6-8. This argument simply attempts to rehash the same arguments made in defendant's summary judgment opposition. But a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the

3

merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Moreover, defendant's argument is without merit. To have a duty to defend, there need only exist "a reasonable possibility of coverage." *BP Air Conditioning Corp. v. One Beacon Ins. Grp.*, 8 N.Y.3d 708, 714 (2007). Even where the four-corners of the complaint in the Underlying Action do not establish a reasonable possibility of coverage, an insurer nevertheless has a duty to defend if the insurer "has knowledge of facts which *potentially* bring the claim within the policy's indemnity coverage." *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 66 (1991) (emphasis added).[2] An insurer may refuse to defend "only if it could be concluded as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy." *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 82 (2d Cir. 2013) (quotation omitted).

To support summary judgment, Travelers put forward a purchase order between Nucor and Dimensional that establishes Dimensional was hired to "furnish labor and material to complete all DRYWALL/CEILING work per Method Design/Icor Engineering drawings" at 25 Broadway. Purchase Order (Dkt. 21-18). The purchase order specifically

---

[2] The Court notes that a third-party complaint has been filed in the Underlying Action against Dimensional, alleging Dimensional is responsible for the injury. *See* Dkt. 21-10. While Travelers does not press this argument, this complaint alone would seem sufficient to trigger Allied World's duty to defend.

4

referenced work at "25 Broadway/1st and 3rd Flrs." *Id.* The injury allegedly occurred on the 3rd floor of 25 Broadway when a "large portion of ceiling, including temporary construction and/or industrial and/or other light fixture fell and struck [Boerke] on the head." Resp. to 56.1 Statement (Dkt. 22-1) ¶ 26. All of this creates more than a reasonable possibility that Dimensional's work was responsible for the injury and hence that there is coverage. *See Charter Oak Fire Ins. Co. v. Zurich Am. Ins. Co.*, 462 F. Supp. 3d 317, 326 (S.D.N.Y. 2020) (explaining that "New York law requires only a 'reasonable possibility' that the insurer will have an indemnification obligation, not a plausible case").

In response to this evidence, Allied World argues there is no evidence that Dimensional agreed to perform ceiling work on the specific area where the injury occurred, citing to the fact that the purchase order called only for repairs pursuant to certain engineering drawings that are not in the record. Reconsideration Mot. at 6-7. From this, Allied World argues it is possible no work was performed by Dimensional on the area where the injury occurred.

As a threshold matter, Allied World's argument gets the legal standard precisely backwards. Once Travelers established a reasonable possibility of coverage, it was Allied World's burden to show "no possible factual or legal basis on which [Allied World] might eventually be held to be obligated to indemnify" the insured. *CGS Indus., Inc.*, 720 F.3d at 82. And while Allied World is correct that Travelers has not conclusively proven Dimensional is responsible for

5

the underlying injury, Allied World has also put forward absolutely no evidence to refute the possibility of coverage. To the extent there is ambiguity in the record regarding liability, that ambiguity itself establishes Allied World's defense obligations.

Furthermore, Allied World hugely overstates the extent of that ambiguity. The complaint in the underlying action specifically refers to a "temporary construction" from the ceiling causing Boerke's injury, which strongly suggests that her injury was tied to ceiling-related construction work. While it is true the engineering drawings specifying Dimensional's construction work are not in the record, the record contains substantial evidence that Dimensional performed some ceiling-related construction work on the third floor of 25 Broadway:

- the purchase order between Nucor and Dimensional expressly references the first and third floor, Purchase Order (Dkt. 21-18);
- the contract between Relay and Nucor states the location of the project will be the first and third floors of 25 Broadway, Nucor-Relay Contract (Dkt. 24-1), at 1;
- the contract between Relay and Nucor expressly references the aforementioned engineering drawings, making clear many of them relate to work on the first and third floor of 25 Broadway, *id.* at 44-46; and
- the lease between 25 Broadway and Relay indicates Relay leased the entire 3rd floor, 25 Broadway-Relay Lease (Dkt. 21-4), at 1.

6

In short, the record establishes more than a reasonable likelihood that the underlying injury was construction-related, that Dimensional was the ceiling contractor hired for the project, and that the work Dimensional performed encompassed the third floor of the building on which the injury occurred. It is of course possible that another subcontractor performed the ceiling work in question, or that the injury was not caused by ceiling work at all, but that possibility is nowhere near sufficient to eliminate Allied World's duty to defend. And these arguments come nowhere near satisfying the standard to warrant reconsideration of the Court's prior decision on this score.

B. **Whether Allied World's Coverage of 25 Broadway is Primary**

Allied World also asks the Court to reconsider its prior ruling insofar as it found that its duty to defend 25 Broadway was primary to that of Travelers. The Court's prior order declared that "Allied World's duty to defend is primary to that of Travelers," without specifying whether this portion of the ruling applied with respect to Nucor, 25 Broadway or both. Memorandum Order (Dkt. 25), at 8. The Court now clarifies that this portion of the ruling was intended to apply only with respect to Nucor.

The Travelers policy states that it is excess over any other insurance available to the insured or additional insured. Travelers Policy (Dkt. 21-1), at 25. By contrast, the Allied World policy specifies that "[t]his insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy," but only if two conditions are met:

7

"(1) The additional insured is a Named Insured under such other insurance; and (2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured." Allied World Policy (Dkt. 21-6), at 8.[3]

Both conditions are plainly satisfied with respect to Nucor: Nucor is the "Named Insured" on the Travelers policy and Dimensional expressly agreed in its contract to provide Travelers (and others) with primary insurance coverage. *See* Resp. to 56.1 Statement (Dkt. 22-1) ¶ 19. However, the first condition is not met with respect to 25 Broadway, because 25 Broadway is clearly not the "Named Insured" under the Travelers policy. Travelers offers no real response to this argument, beyond pointing out that the Nucor-Dimensional policy required Dimensional to obtain primary insurance coverage for 25 Broadway as well. *See* Reconsideration Opp. at 5-6. But agreements made in a contract between Nucor and Dimensional cannot modify the plain terms of the insurance policy between Allied World and Dimensional.

---

[3] The Allied World policy form, by default, makes its insurance coverage primary unless specific exceptions are met. *See* Allied World Policy (Dkt. 21-5), at 21. However, Allied World and Dimensional executed a "Primary and Non-Contributory Endorsement" -- quoted in the text above -- that "supersedes any provision to the contrary." Allied World Policy (Dkt. 21-6), at 8. In its summary judgment briefing and opposition to the instant motion, Travelers concedes that this Primary and Non-Contributory Endorsement supersedes the language in the default form and controls the question of whether Allied Worlds obligations are primary or excess. *See* Summary Judgment Reply (Dkt. 23), at 5; Reconsideration Opp. (Dkt. 28), at 5. Accordingly, the Court limits its analysis to the question of whether the conditions of the Primary and Non-Contributory Endorsement are satisfied.

Accordingly, the Court finds that Allied World is obligated to provide excess coverage only to 25 Broadway. Both parties agree that, in the event the Court finds Allied World's coverage obligations to be excess, rather than primary, Travelers and Allied World should be obligated to share the defense costs equally. *See* Reconsideration Mot. (Dkt. 27-1), at 5; Reconsideration Opp. (Dkt. 28), at 5.

### C. **Allied World's Obligations Vis-à-Vis 25 Broadway**

Allied World argues that, "because 25 Broadway's own insurance policy . . . is not in the record, the Court cannot determine whether Allied World's duty to defend 25 Broadway is primary to that of 25 Broadway's own insurer and thus whether Allied World has a present duty to defend 25 Broadway against the Boerke Action." Reconsideration Mot. at 11-12.

The Court agrees that it "cannot determine whether Allied World's duty to defend 25 Broadway is primary to that of 25 Broadway's own insurer," but the Court's prior Order never purported to do so. Rather, by its terms, the Order simply determined Allied World's obligations with respect to Travelers, and the priority of coverage as between these two parties. Indeed, the Court could not have issued a binding determination with respect to 25 Broadway's insurer even if it had somehow wanted to, because 25 Broadway's insurer is not a party to this action.

Allied World's further contention, that the Court cannot determine "whether Allied World has a present duty to defend 25 Broadway" without knowing the contents of 25 Broadway's own insurance

9

policy is without merit. Again, the Court's determination in this action simply resolved the coverage obligations vis-à-vis Allied World and Travelers. The bare possibility that 25 Broadway's own insurance policy might supersede any defense obligation is beside the point in making this determination. What is significant is the undisputed fact that Travelers is currently paying the defense costs of Nucor and 25 Broadway in the underlying action, but Allied World has thus far refused to contribute. *See* Defs. Resp. to 56.1 Statement (Dkt. 22-1) ¶ 47. The Court has determined that, as between Travelers and Allied World, Allied World and Travelers have an equal duty to defend 25 Broadway as excess insurers. Allied World offers no explanation of why the Court should be unable to make this determination.

## II.  Request for Entry of Partial Final Judgment

Allied World finally asks that, to the extent the Court denies its request for reconsideration, the Court should enter a partial final judgment with respect to Allied World's duty to defendant pursuant to Federal Rule of Civil Procedure 54(b) while the underlying action and ultimate question of indemnification remain pending.

Pursuant to that Rule, the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "A certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which

10

would be alleviated by immediate appeal," *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (internal quotation marks and citations omitted). "'It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (quoting *Harriscom*, 947 F.2d at 631). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal quotation marks omitted).

The Court finds that certifying the question of Allied World's duty to defend is unnecessary and inappropriate here. The two claims brought by Travelers -- concerning (a) Allied World's duty to defend and (b) Allied World's duty to indemnify -- raise substantially overlapping factual and legal questions. While the duty to defend may attach where the duty to indemnify does not, resolving both questions requires a substantially similar construction and application of the two respective insurance policies. This weighs against certification of a partial final judgment. *See Harriscom*, 947 F.2d at 629 ("[A] Rule 54(b) certification of the dismissal of fewer than all the claims in an action should not be granted if the same or closely related issues remain to be litigated." (internal quotation marks omitted)).

11

By contrast, Allied World has not identified any convincing reason why an immediate appeal of this issue is necessary. This is not a case where failure to certify the question will cause irreparable injury or impose some great hardship. Rather, to the extent the Court's conclusions prove incorrect, Allied World may recover any defense costs it wrongfully incurred from Travelers.

### III. Conclusion

For the forgoing reasons, Allied World's motion for reconsideration (Dkt. 27) is granted in part and denied in part. The declaratory judgment previously issued by the Court (Dkt. 25) is hereby modified to read as follows: (a) Allied World has a duty to defend Nucor and 25 Broadway in the Underlying Action, (b) Allied World's duty to defend Nucor in the Underlying Action is primary to that of Travelers, and (c) Allied World and Traveler's share an equal duty to defend 25 Broadway in the Underlying Action and are obligated to share the costs of defending 25 Broadway in the Underlying Action equally.

The Court hereby denies Allied World's alternative request to certify a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b).

SO ORDERED.

New York, NY
February 14, 2024

JED S. RAKOFF, U.S.D.J.